Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SEGUNDO MENDOZA and CESAR
MENDOZA,

*Plaintiff*,

-against-

NADIR KHELIFI, 212 PATCHEN LLC (d/b/a
Manny's), LINA LOVE, INC. (d/b/a Café
Lafayette) and FANOU, INC. (d/b/a Manny's
Wine Shop)

*Defendants.*

----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Civil Action No.: 19-cv-4576**

SEGUNDO MENDOZA and CESAR MENDOZA  ("Plaintiffs") by and through their

attorney, Colin Mulholland, Esq., upon their knowledge and belief, and as against NADIR

KHELIFI, 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (D/B/A CAFÉ

LAFAYETTE) and FANOU, INC. (d/b/a Manny's Wine Shop) (collectively, "Defendants"),

allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs are former employees of Defendant NADIR KHELIFI who each worked

at three businesses owned and operated by Defendant NADIR KHELIFI.

2.       Defendant KHELIFI owned, operated, and/or controlled three restaurants

between 2000 and 2018 – Manny's Restaurant at 212 Patchen Avenue Brooklyn, NY 11233,

1

Café Lafayette at 99 South Portland Avenue and Manny's Wine Shop at 562 Halsey Street, Brooklyn, NY 11223.

3.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week.

4.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

5.     Plaintiffs now bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operated their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8.     Plaintiff SEGUNDO MENDOZA ("Plaintiff SEGUNDO") is an adult individual residing in New York County, New York.

2

9.       Plaintiff CESAR MENDOZA ("Plaintiff CESAR") is an adult individual residing in New York County, NY.

10.      Defendant 212 PATCHEN LLC (d/b/a Manny's) is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 212 Patchen Avenue, Brooklyn, NY 11233.

11.      Defendant LINA LOVE, INC. (D/B/A CAFÉ LAFAYETTE) is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 99 South Portland Avenue, Brooklyn, NY 11217.

12.      Defendant FANOU, INC. (d/b/a Manny's Wine Shop) is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 562 Halsey Street Brooklyn, NY 11223.

13.      Defendant NADIR KHELIFI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant NADIR KHELIFI is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

14.      Defendant NADIR KHELIFI possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15.      Defendant NADIR KHELIFI determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the Plaintiffs, issued payment to the Plaintiffs, maintained employee records, and had the authority to hire and fire employees.

16.     Defendant NADIR KHELIFI hired both Plaintiffs at each of the three establishments.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

17.     Upon information and belief, individual defendant NADIR KHELIFI possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

18.     Defendants are associated and joint employers, act in the interest of each other with respect to each Plaintiff and between the three establishments.

19.     Defendants shared common operations and acted jointly in the operation of each restaurant location.

20.     Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

21.     Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

22.     In the alternative, Defendants constitute a single employer of Plaintiff.

23.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

24.     Upon information and belief, in each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

4

25.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at each of the locations including but not limited to breads, meats, cheeses, beverages, cleaning supplies.

*Plaintiff SEGUNDO MENDOZA*

26.     Plaintiff SEGUNDO was employed by Defendants from approximately 2000 until October 1st, 2018.

27.     From approximately 2000 until January 2014, Plaintiff SEGUNDO worked as a cook at Café Lafayette for a weekly salary of $800.00 with the following schedule:

   a.  Monday – 4:00 P.M. until 12:00 A.M.

   b.  Tuesday – Day Off

   c.  Wednesday – 4:00 P.M. until 12:00 A.M.

   d.  Thursday – 4:00 P.M. until 12:00 A.M.

   e.  Friday – 4:00 P.M. until 12:00 A.M.

   f.  Saturday – 9:00 A.M. to 12:00 A.M.

   g.  Sunday -- 9:00 A.M. to 12:00 A.M.

28.     From approximately January 2014 until October 1st 2018, Plaintiff SEGUNDO worked as a cook at Manny's Restaurant for a rate of $120 per shift with no overtime pay. He worked six (6) days per week at the following schedule:

   a.  Monday – 2:00 P.M. until 10:00 P.M.

   b.  Tuesday – Day Off

   c.  Wednesday - 2:00 P.M. until 10:00 P.M.

   d.  Thursday - 2:00 P.M. until 10:00 P.M.

   e.  Friday - 2:00 P.M. until 10:00 P.M.

      f.    Saturday – 10:00 A.M. until 10:00 P.M.

      g.    Sunday - 10:00 A.M. until 10:00 P.M.

29.    Plaintiff SEGUNDO regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

30.    Plaintiff SEGUNDO's work duties required neither discretion nor independent judgment.

31.    Plaintiff SEGUNDO regularly worked in excess of 40 hours per week.

32.    Throughout his employment with defendants, Plaintiff SEGUNDO was paid his wages in a mixture of cash and check.

33.    No notification was given to Plaintiff SEGUNDO regarding overtime and wages under the FLSA and NYLL.

34.    Defendants never provided Plaintiff SEGUNDO with each payment of wages a statement of wages, as required by NYLL 195(3).

35.    Defendants never provided Plaintiff SEGUNDO, any notice in English and in Spanish (Plaintiff SEGUNDO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

36.    Defendants never paid Plaintiff SEGUNDO his spread of hours pay for days when he worked in excess of 10 hours.

*PLAINTIFF CESAR MENDOZA*

37.    Plaintiff CESAR was employed by Defendants from approximately 2000 until October 1st, 2018.

38.    From approximately 2000 until January 2014, Plaintiff CESAR worked as a cook and dishwasher at Café Lafayette for a weekly salary of $740.00 with the following schedule:

    a.   Monday – 8:00 A.M. until 4:00 P.M.

    b.   Tuesday – 8:00 A.M. until 4:00 P.M. then a second shift of 5:00 P.M. to 11:30 P.M.

    c.   Wednesday – 8:00 A.M. until 4:00 P.M.

    d.   Thursday – 8:00 A.M until 4:00 P.M

    e.   Friday – 8:00 A.M. until 4:00 P.M.

    f.   Saturday – 9:00 A.M. to 12:00 A.M.

    g.   Sunday – Day Off

39.    From approximately January 2014 through May 2017 and then from November 2017 through October 1, 2018, Plaintiff CESAR worked as a cook at Manny's Restaurant.  He was paid $100.00 per shift with no overtime pay between January 2014 and May 2017 and then $120.00 per shift with no overtime between November 2017 and October 1, 2018.

40.    Between January 2014 through May 2017, Plaintiff CESAR worked six (6) days a week at Manny's Restaurant either on morning shifts from 9 A.M. to 5 P.M. or night shifts from 2:00 P.M to 10:00 P.M., and often worked double shifts, usually on Saturdays from 9:00 A.M. to 10:00 P.M. (typically 44 to 60 hours per week).

41.    Between November 2017 through October 1, 2018, Plaintiff CESAR worked five (5) days a week at Manny's Restaurant either morning shifts from 9 A.M. to 5 P.M. or night shifts from 2:00 P.M to 10:00 P.M., and often worked double shifts from 9:00 A.M. to 10:00 P.M. (typically 42 to 54 hours per week).

42.    From approximately May 2017 until November 2017, Plaintiff CESAR worked as a cook and dishwasher at Manny's Wine Bar for a weekly salary of $800.00 with the following schedule:

      a.   Monday – Day Off

      b.   Tuesday – 4:00 P.M until 11:00 P.M

      c.   Wednesday – 4:00 P.M until 11:00 P.M

      d.   Thursday – 4:00 P.M until 11:30 P.M

      e.   Friday – 4:00 P.M until 11:30 P.M

      f.   Saturday – 9:00 A.M until 11:30 P.M.

      g.   Sunday -- 9:00 A.M until 11:30 P.M.

43.     Plaintiff CESAR regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

44.     Plaintiff CESAR work duties required neither discretion nor independent judgment.

45.     Plaintiff CESAR regularly worked in excess of 40 hours per week.

46.     Throughout his employment with defendants, Plaintiff CESAR was paid his wages in a mixture of cash and check.

47.     No notification was given to Plaintiff CESAR regarding overtime and wages under the FLSA and NYLL.

48.     Defendants never provided Plaintiff CESAR with each payment of wages a statement of wages, as required by NYLL 195(3).

49.     Defendants never provided Plaintiff CESAR, any notice in English and in Spanish (Plaintiff CESAR's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.     Defendants never paid Plaintiff CESAR his spread of hours pay for days when he worked in excess of 10 hours.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

51.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52.     Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

53.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

55.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

56.     Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57.     Defendants paid Plaintiffs a fixed rate in violation of the NY Hospitality Wage Order.

58.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

59.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

60.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

61.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

62.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

63.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

64.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

65.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

66.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

67.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

68.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

69.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA as to Plaintiffs;

(b)     Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d)     Awarding Plaintiffs damages for the amount of unpaid overtime wages and

damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiffs;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(j)     Awarding Plaintiffs damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

12

(n)     Awarding Plaintiffs the expenses incurred in this action, including costs and

attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems

necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       August 8th, 2019


                              By:     */s/ Colin Mulholland*_____
                                      Colin Mulholland, Esq.
                                      30-97 Steinway, Ste. 301-A
                                      Astoria, New York 11103
                                      Telephone: (347) 687-2019
                                      *Attorney for Plaintiffs*

13