**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SEGUNDO MENDOZA and CESAR MENDOZA,

                *Plaintiffs*,

-against-

NADIR KHELIFI, 212 PATCHEN LLC (d/b/a
Manny's), LINA LOVE, INC. (d/b/a Café Lafayette)
and FANOU, INC. (d/b/a Manny's Wine Shop),

                *Defendants.*

Docket No.: 19-CV-4576(WFK)(PK)

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs, SEGUNDO MENDOZA and CESAR MENDOZA ("Plaintiffs") on the one hand and NADIR KHELIFI, 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop) ("Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No 19-cv-4576 (WFK)(PK). (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of One Hundred and Twenty Five Thousand Dollars ($125,000.00) (the "Settlement Amount") to be paid to Plaintiffs or their agents or attorneys in NINETEEN (19) installments. The Plaintiffs' share, counsel fees, and costs, is as follows: Segundo Mendoza $47,523.75, Cesar Mendoza $35,851.25,

1

and Colin Mulholland, Esq. $41,625. The payments shall be made payable to "Colin Mulholland, Esq., as Attorney for Plaintiffs". An IRS Form 1099 will be issued to Colin Mulholland, Esq. for this payment.

(a)     Installment One: Twenty Five Thousand Dollars ($25,000) by check made payable to " Colin Mulholland, Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel for deposit no later than fourteen (14) days after the Court's approval of this agreement.

(b)     Installments Two to Nineteen: Checks in the amount of Five Thousand Five Hundred and Fifty-Five dollars and Fifty-Five cents ($5,555.55) made payable to " Colin Mulholland, Esq. as Attorney for Plaintiffs " and delivered to Plaintiffs' counsel on the first day of the month following the Installment One.

(c)     All payments set forth above shall be delivered to the office of Colin Mulholland, Esq., 30-97 Steinway Street, Ste 301-A, Astoria, New York 11103.

2(a).    The Court shall dismiss the Litigation, with prejudice, in the form set forth in Exhibit A to this Agreement; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below.

2(b).    In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall be entitled to serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail, and the Defendants shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may take any action to enforce the terms of this agreement including but not limited to filing the Confession of Judgment executed by the Defendants. The parties agree that in such an event of default, any and all remaining installments shall be immediately due and owing as set forth in the Confession of Judgment annexed hereto as Exhibit B. The Confession of Judgment may only be filed by Plaintiffs upon Defendants' default as set forth above and failure to cure upon service of the Default Notice.

2(c).    Each Plaintiff must ensure that all taxes related to the payment described above in this Section 2 are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Section 2 of this Agreement, that Plaintiffs shall fully pay the assessment to the extent such payment is attributable to their respective payment under this Agreement. Defendants shall use best efforts to provide written notice to either Plaintiff or Plaintiff's attorney mentioned herein implicated by such an assessment as soon as Defendants become aware of it. Plaintiffs also agrees to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants to the extent such withholding taxes, interest or penalties are directly attributed to that Plaintiff's failure to pay their own taxes on their respective payment under this agreement.

2

3.     Release and Covenant Not To Sue:     In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiffs have or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. Plaintiff shall not, however, be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated.

Defendants hereby release and discharge Plaintiffs and their heirs, executors, administrators, agents, successors and assigns of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature from the beginning of the world to the date of this Agreement that were or could have been raised in this action.

4.     No Admission of Wrongdoing:     This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.     This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

5.     Dismissal of the Litigation:     Plaintiffs shall file, within seven (7) days of the Court's approval of the Agreement and receipt of the fully executed Agreement, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs and Defendants shall execute and submit all documents required to terminate such proceedings.

6.     Mutual Non-Disparagement: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly

3

disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation. However, nothing in this provision will prevent the parties from disclosing truthful information.

      7.    Response to Subpoena:     Plaintiffs agrees that, in the event any of them are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, such Plaintiffs, will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

      8.    Court Approval:     This Agreement shall not be binding without Court approval of the settlement terms.

      9.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

      10.    Acknowledgment:     The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      11.    Notices:     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Colin Mulholland, Esq.
30-97 Steinway, Ste 301-A
Astoria, NY 11103
Telephone (347) 687-2019
cmulhollandesq@gmail.com

To Defendants:

Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542
Telephone: (516) 277-2323

4

Facsimile: (516) 759-2556
adam@acweisslaw.com

12.     Governing Law:     This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.    The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York, in any subsequent proceeding to enforce this Agreement and any other Court of competent jurisdiction within New York City.

13.     Enforceability:          If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14.     Release Notification:          Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Colin Mulholland, Esq., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Confidential Settlement Agreement and General Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

15.     Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: August 20, 2020

_____
**SEGUNDO MENDOZA**

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF Queens    )

On August 20 , 2020 before me personally came to me **SEGUNDO MENDOZA** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

> CHRIS PSOMOPOULOS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02PS6376983
> Qualified in Queens County
> Commission Expires June 25, 2022

_____
Notary Public

Dated: August 20, 2020

_____
**CESAR MENDOZA**

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF Queens    )

On August 20 , 2020 before me personally came to me **CESAR MENDOZA** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

> CHRIS PSOMOPOULOS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02PS6376983
> Qualified in Queens County
> Commission Expires June 25, 2022

_____
Notary Public

Dated: _____

_____
NADIR KHELIFI, individually and on behalf of
212 PATCHEN LLC (d/b/a Manny's), LINA
LOVE, INC. (d/b/a Café Lafayette) and FANOU,
INC. (d/b/a Manny's Wine Shop)

STATE OF NEW YORK    )
                       )SS.:
COUNTY OF           )

On _____, 2020 before me personally came to me **NADIR KHELIFI** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop), and duly acknowledged to me that he executed the same.

_____
Notary Public

6

Dated: _____

**SEGUNDO MENDOZA**

STATE OF NEW YORK    )
                                        )SS.:
COUNTY OF                  )

On _____, 2020 before me personally came to me **SEGUNDO MENDOZA** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: _____

**CESAR MENDOZA**

STATE OF NEW YORK    )
                                        )SS.:
COUNTY OF                  )

On _____, 2020 before me personally came to me **CESAR MENDOZA** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: **08/18/20**

_____
NADIR KHELIFI, individually and on behalf of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop)

STATE OF NEW YORK    )
                                        )SS.:
COUNTY OF NASSAU  )

On 8|18|20 , 2020 before me personally came to me **NADIR KHELIFI** known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop), and duly acknowledged to me that he executed the same.

_____
Notary Public

6

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**EXHIBIT A**

SEGUNDO MENDOZA and CESAR MENDOZA,

               Plaintiffs,

Docket No.: 19-CV-4576(WFK)(PK)

-against-

**STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

NADIR KHELIFI, 212 PATCHEN LLC (d/b/a
Manny's), LINA LOVE, INC. (d/b/a Café Lafayette)
and FANOU, INC. (d/b/a Manny's Wine Shop),

               Defendants.

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for

the parties, that the Complaint and any and all claims that were or could have been asserted in

this action by any party are hereby dismissed in their entirety, with prejudice, and with each

party to bear its own costs, expenses, disbursements, and attorneys' fees.  The Court shall retain

jurisdiction to enforce the terms of the settlement agreement.

Date:    Astoria, New York
         August ___, 2020

_____
Colin Mulholland, Esq.
30-97 Steinway, Ste 301-A
Astoria, NY 11103
Telephone (347) 687-2019
cmulhollandesq@gmail.com
*Attorneys for Plaintiffs*

_____
Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542
Telephone: (516) 277-2323
Facsimile: (516) 759-2556
adam@acweisslaw.com
*Attorneys for Defendants*

7



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**EXHIBIT B**

SEGUNDO MENDOZA and CESAR MENDOZA,

Docket No.: 19-CV-4576(WFK)(PK)

Plaintiffs,

-against-

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

NADIR KHELIFI, 212 PATCHEN LLC (d/b/a
Manny's), LINA LOVE, INC. (d/b/a Café Lafayette)
and FANOU, INC. (d/b/a Manny's Wine Shop),

Defendants.

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF KINGS      )

NADIR KHELIFI being duly sworn, deposes and says:

1.      I, NADIR KHELIFI, have authority to sign on behalf of 212 PATCHEN LLC
(d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's
Wine Shop) and I am duly authorized to make this affidavit on the undersigned entities' behalf.

2.      On behalf of myself individually and 212 PATCHEN LLC (d/b/a Manny's),
LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop), I
hereby confess judgment and authorize entry of judgment against myself, 212 PATCHEN LLC
(d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's
Wine Shop) in favor of Plaintiffs for the sum $125,000 less any payments previously received
pursuant to the terms of the Settlement Agreement and Release of Claims dated _Aug 18_,
2020 (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the above-captioned
proceeding, plus an additional amount equal to 50% of the outstanding balance due.

3.      This Confession of Judgment is conditioned on a debt due to Plaintiffs pursuant to
the Settlement Agreement in the event of Defendants' default in payment under the Settlement

9

Agreement.

4.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop), jointly and severally.

5.    This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

> NADIR KHELIFI, individually and on behalf of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop)

## PERSONAL ACKNOWLEDGMENT OF NADIR KHELIFI

STATE OF NEW YORK    )
                                     ) ss:
COUNTY OF NASSAU )

On the 18th day of Aug 2020, before me personally came NADIR KHELIFI to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

> Notary Public

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20 22

## CORPORATE ACKNOWLEDGEMENT ON NEXT PAGE

10

CORPORATE ACKNOWLEDGMENT
OF 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and
FANOU, INC. (d/b/a Manny's Wine Shop)

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NASSAU         )

On the 18ᵗʰ day of July, 2020, before me personally came NADIR KHELIFI, individually and on behalf of 212 PATCHEN LLC (d/b/a Manny's), LINA LOVE, INC. (d/b/a Café Lafayette) and FANOU, INC. (d/b/a Manny's Wine Shop), and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

Notary Public

**ADAM C. WEISS**
**Notary Public, State of New York**
**No. 02WE6135919**
**Qualified in Nassau County**
**Commission Expires April 20, 20 22**

11